**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

KENNETH MARTIN,

                Plaintiff,

-vs-                                   Case No.  2:09-cv-657-FtM-99SPC

CLIENT SERVICES, INC.,

                Defendant.

_____

**ORDER**

      This matter comes before the Court on Plaintiff's Motion to Compel (Doc. #23) filed on August 13, 2010.  Defendant filed its Response (Doc. #26) on September 13, 2010.  The motion is therefore ripe for review.

**I. BACKGROUND**

      This lawsuit arose based on Plaintiff's allegations that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. when it attempted to collect on an account from Capitol One (Complaint, Doc. #1).  This matter is set for trial for the March 1, 2011 trial term; and, the discovery deadline expires on October 1, 2010 (Doc. # 18).

      In the instant motion, Plaintiff seeks an Order of this Court directing Defendant to provide responses to certain interrogatories and requests for production.  According to Plaintiff, he served the subject discovery requests upon the Defendant on March 15, 2010, and on or about May 10, 14 & 25, 2010, he received responses from the Defendant.  On May 19, 2010, Plaintiff wrote Defendant to identify deficiencies in the discovery responses and request that Defendant cure these deficiencies with supplemental responses within 14 days, that is, by June 2, 2010.  Subsequently, Plaintiff wrote

Defendant on June 10, July 9, and July 28, 2010, requesting a response from Defendant.  Plaintiff asserts that Defendant did not respond to these requests. The instant motion to compel followed.

Defendant's Response to the instant Motion states that, through inadvertence, Defendant did not provide Plaintiff with its Executed Answers to Interrogatories.  Defendant then corrected its mistake and provided Plaintiff with signed, verified Answers to Interrogatories on September 10, 2010.  Many of the interrogatories and requests for production as outlined in the Motion to Compel are now moot as Defendant avers that it has fully responded and provided documents.  Plaintiff has not filed a reply to this assertion.  Thus, the Court will only discuss the Interrogatories and Requests for Production below to which Defendant still objects to and has not responded to.  Whether or not to grant an order compelling discovery lies within the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

## II. INTERROGATORIES

Plaintiff moves to compel complete responses to its Interrogatories Numbered 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, and 17.  Plaintiff avers that he has fully responded to the following Interrogatories: 1, 2, 4, 5, 6, 7, 11, 12, 13, 14, 15, 16, and 17.  Among other things, these interrogatories seek information concerning the Defendant's attempts to collect the subject debt, witnesses with knowledge thereof, and third-party custodians of related data.  As such, these interrogatories lie within the proper scope of discovery as facially relevant and are otherwise reasonably calculated to lead to the discovery of admissible evidence.  See Fed. R. Civ. P. 26(b)(1). Next, the Court will address each Interrogatory to which Defendant still has an objection in turn.

Interrogatory No. 8 requests: "Identify the business name, address, and telephone number of all telephone companies that provided local or long distance telephone services of any kind to Defendant's business."  Because it is limited in neither time nor scope, this request appears to be unduly burdensome on its face.  Fed. R. Civ. P. 26(b)(2)(C).  Instead, Defendant need only identify the providers of services that Defendant used to collect or attempt to collect the subject debt.

Interrogatory No. 9 requests: "Identify every single telephone number used by Defendant in the past two years in the course of its business."  This Interrogatory is likewise overly broad. Defendant need only provide the information necessary and sufficient for the telephone service providers to provide any records of calls made in connection with the Defendant's efforts to collect the debt at issue in this matter.

## III. REQUESTS FOR PRODUCTION

Plaintiff moves to compel the production of materials in response to Requests for Production numbered 1, 2, 3, 4, 8, 10, 13, 15, and 16.  Defendant avers that he has fully responded to the following Requests: 1, 2, 3, and 13.  Similar to the interrogatories, these requests seek information concerning the Defendant's attempts to collect the subject debt, and its policies, procedures, employee training related to such efforts.  With respect to Requests 4, 10, 15, and 16, Defendant responds that it intends to file a Notice of Withdrawal of its Bona Fide Error Defense.  And asserts that without the bona fide error defense, these requests for production is irrelevant and would not lead to the discovery of relevant information.  Plaintiff has not filed a reply to this assertion. Therefore, the Court will deny Plaintiff's request as to 4, 10, 15, and 6 with leave to refile should it have further objections or Defendant fails to withdraw the defense.

Finally, Defendant objects to Request for Production No. 8, which seeks: "All documents sent to or received from the original creditor regarding Plaintiff's alleged debt" on the grounds that it will not lead to the discovery of admissible evidence.  The Court finds that these requests likewise lie within the proper scope of discovery as facially relevant and otherwise reasonably calculated to lead to the discovery of admissible evidence.  See Fed. R. Civ. P. 26(b)(1).  Therefore, Plaintiff's Motion is due to be granted with respect to Request No. 8.

## IV. CONCLUSION

Based on the foregoing, Defendant shall provide complete responses as outlined above to Plaintiffs' interrogatories and produce any responsive documents within his possession, custody or control, pursuant to Federal Rules of Civil Procedure 26 and 34, on or before **September 27, 2010.**

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Compel (Doc. #23) is **GRANTED in part and DENIED in part**.

(1)     Plaintiff's Motion to Compel Interrogatory Numbers 1, 2, 4, 5, 6, 7, 11, 12, 13, 14, 15, 16, and 17 is **DENIED as moot**.  Defendant has represented to the Court that responses have been provided to these Interrogatories.

(2)     Plaintiff's Motion to Compel Interrogatory Numbers 8 and 9 is **GRANTED IN PART**.  With respect to Number 8, Defendant need only identify the providers of services that Defendant used to collect or attempt to collect the subject debt.  With respect to Number 9, Defendant need only provide the information necessary and sufficient for the telephone service providers to provide any records of calls made in connection with the Defendant's efforts to collect the debt at issue in this matter.

(3)     Plaintiff's Request for Production Numbers 1, 2, 3, and 13 is **DENIED as moot**. Defendant has represented to the Court that it has provided Plaintiff with these requested documents.

(4)     Plaintiff's Requests for Production Numbers 4, 10, 15, and 16 is **DENIED as moot**. Defendant has reprsented to the Court that it intends to withdraw its Bona Fide Error defense, which would make these Requests irrelevant.  Plaintiff may refile a Motion to Compel these Requests should it have further objections or Defendant fails to withdraw the defense.

(5)     Plaintiff's Request for Production Number 8 is **GRANTED**.

Defendant shall provide the responses and documents as outlined above on or before **September 27, 2010.**

        **DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of September, 2010.


                                SHERI POLSTER CHAPPELL
                                UNITED STATES MAGISTRATE JUDGE



Copies: All Parties of Record